## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**OBINNA NWAFOR,**

      Petitioner,

  v.

**WARDEN, FCI FORT DIX,**

      Respondent.

Case No. 25–cv–04631–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Obinna Nwafor's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) miscalculated his First Step Act programming credits. (ECF No. 1.) Respondent Warden FCI Fort Dix opposes the Petition. (ECF No. 4.) For the following reasons, I will deny the Petition.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is presently detained at FCI Fort Dix, New Jersey (Fort Dix) after pleading guilty to one count of theft of government property in violation of 18 U.S.C. § 641. (ECF No. 4 p. 6.) His projected release date from custody is December 31, 2025. (ECF No. 4–1 p. 8.) The sentencing court entered petitioner's judgment of conviction on February 7, 2024. (*Id.*) He arrived at Fort Dix on May 29, 2024.[1] (ECF No. 4–1 p.11.)

    Petitioner argues in his Petition that the Bureau miscalculated his First Step Act programming credits. (ECF No. 1 p.2.) He asserts that he should receive credits for the time between February 7, 2024 and May 29, 2024 because

---

[1] Petitioner was in US Marshal custody between February 7, 2024 and May 29, 2024 at various locations. (ECF No. 4 pp. 7, 8.)

he was in the Marshal's custody. (*Id.*) Respondent asserts that the First Step Act does not allow federal prisoners to earn programming credits before they arrive at their designated facility. (ECF No. 4 p. 8.) Alternatively, respondent argues that petitioner is not entitled to credits because he did not participate in any qualifying programming between February 7, 2024 and May 29, 2024. (*Id.* p. 18.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

## III.   DISCUSSION

The First Step Act "is a comprehensive prison reform package enacted by Congress in December 2018. A primary goal of the [First Step Act] is to reduce recidivism of federal prisoners upon their release from imprisonment." *Kowalewski v. Warden, FCI Fort Dix*, No. 23–cv–20320, 2024 WL 3964289, at *1 (D.N.J. Aug. 27, 2024). "Eligible inmates who 'successfully participate in recidivism reduction programs or productive activities' earn time credits, which

may be 'applied toward time in prerelease custody or supervised release.'" *Id.* (quoting 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.44(b)). "Time credits applied toward early supervised release result in a shorter duration in [Bureau] custody. Prerelease custody consists of home confinement or a [reentry center] in a [Bureau]-sponsored facility." *Id.* (internal citation omitted); *see also* 18 U.S.C. § 3624(g)(2)(A)–(B). Prisoners earn 10 days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i).[2] As is relevant here, prisoners are not able to earn credits for programs that were completed "during official detention prior to the date that the prisoner's sentence commences under section § 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii).

The parties disagree on when petitioner first became eligible for First Step Act credits. Petitioner points to § 3585(a)'s direction that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to … the official detention facility at which the sentence is to be served." 18 U.S.C. § 3582(a); (ECF No. 1 p. 4.) Respondent relies on 28 C.F.R. § 523.42(a) for the proposition that "[a]n eligible inmate begins earning [First Step Act] Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)." (ECF No. 4 p. 8.)

I do not need resolve this dispute because petitioner would not prevail even if he were right on the start date. "[A]n inmate must be 'successfully participating' in designated programming to earn [First Step Act] credits." *Heath v. Knight*, No. 22–cv–07270, 2024 WL 5198863, at *4 (D.N.J. Dec. 23, 2024) (quoting 28 C.F.R. § 523.41(c)(1)). "'Successful participation' requires a

---

[2] "[A] 'day' is counted for each calendar day on which [the inmate] participates in assigned programming whether or not it lasts a full eight hours." *Mark v. Birkholz*, No. 21–cv–01418, 2022 WL 11321123, at *2 (D. Minn. Aug. 4, 2022).

determination by Bureau staff that an eligible inmate has participated in the [recidivism reduction] programs or [productive activities] that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular [recidivism reduction] Program or [productive activity]." 28 C.F.R. § 523.41(c)(2). Respondent submitted petitioner's education transcript. (ECF No. 4–1 p. 24.) It shows no qualifying programming from February 7, 2024 through May 29, 2024. (*Id.*) Petitioner filed no reply to contest that showing.

Therefore, the record clearly shows that petitioner did not "successfully participate" in qualifying programs between February 7, 2024 and May 29, 2024, making him ineligible for First Step Act credits for this time period. *See Cramer v. Gunther*, No. 24–cv–02847–PHX–ROS, 2025 WL 1195582, at *6 (D. Ariz. Apr. 2, 2025) ("[] Petitioner has not shown that he participated at all in any such programs or activities from the time he was sentenced until he arrived at his designated facility. Therefore, [p]etitioner could not have earned any credit during that period under the language of the statute."), *report and recommendation adopted*, No. 24–cv–02847–PHX–ROS, 2025 WL 1193090 (D. Ariz. Apr. 24, 2025). I will deny the Petition.

## IV.   CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　 **EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

Dated: September 2, 2025